**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CELSIUS NETWORK LIMITED, et al.,**<br><br>**Defendants.** | **Civil Action No. 1:23-cv-6005-PAE** |

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**
**AGAINST DEFENDANT ALEX MASHINSKY**

Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court enter the attached consented-to proposed Final Judgment against Defendant Alex Mashinsky. In support of this motion, the SEC states as follows:

1. The SEC alleged in the Complaint that Mashinsky, who during the relevant period was the CEO of Celsius Network Limited, violated certain provisions of the federal securities laws in connection with Celsius's Earn Interest Program.

2. The SEC and Mashinsky have been able to resolve the claims against him without further Court intervention.

3. Specifically, as the attached Consent of Defendant Mashinsky reflects, he agrees to the entry of the attached Final Judgment that:

   a. permanently restrains and enjoins him from violation of Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e];

   b. permanently restrains and enjoins him from violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)];

c. permanently restrains and enjoins him from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

d. imposes an officer and director bar for a period of ten years; and

e. prohibits Mashinsky from, directly or indirectly, including through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security for a period of ten years; provided, however, that such injunction shall not prevent Mashinsky from purchasing or selling securities listed on a national securities exchange for his own personal accounts.

4. As a result, the SEC respectfully asks the Court re-open the case for the purpose of entering the attached Final Judgment against Mashinsky, which resolves all remaining issues in this case.

5. The proposed Final Judgment as to Mashinsky is fair and reasonable and in the public interest. *See SEC v. Citigroup Glob. Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014).

6. A proposed order is attached.

Dated: November 20, 2026

Respectfully submitted,

/s/ Harry B. Roback
Harry B. Roback
Securities and Exchange Commission
950 East Paces Ferry Road, NE, Suite 900
Atlanta, GA 30326
Tel: (404) 942-0690
robackh@sec.gov

James P. Connor
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Tel: (202) 551-8394
connorja@sec.gov

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CELSIUS NETWORK LIMITED, et al.,**<br><br>**Defendants.** | **Civil Action No. 1:23-cv-6005-PAE** |

**PROPOSED ORDER**

Upon consideration of Plaintiff's Motion for Entry of Final Judgment Against Defendant Alex Mashinsky, it is hereby

ORDERED that the motion is GRANTED.

SO ORDERED.

Date: ________________

____________________________
PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, I caused a copy of the foregoing Motion for Entry of Final Judgment Against Defendant Alex Mashinsky to be served on counsel through the Court's ECF system. I also mailed a copy to Defendant Mashinsky using the address provided by the Bureau of Prisons.

/s/ Harry B. Roback
Harry B. Roback

Counsel for Plaintiff